## IN THE COURT OF APPEALS OF IOWA

No. 18-1107
Filed October 10, 2018

**IN THE INTEREST OF A.R. and M.R.,**
**Minor Children,**

**J.R., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Guthrie County, Virginia Cobb, District Associate Judge.

    A mother appeals the termination of her parental rights to her two minor children. **AFFIRMED.**

    Steven L. Cooper of Cooper, Goedicke, Reimer & Reese, Law Firm, P.C., West Des Moines, for appellant mother.

    Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

    Christine L. Sand of Wild, Baxter & Sand, PC, Guthrie Center, guardian ad litem for minor children.

    Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her two minor children. She contends the State failed to prove the grounds for termination by clear and convincing evidence. She also contends termination is not in the children's best interests and asks us to preserve her parental rights under one of the exceptions to the termination statute. We disagree and affirm the termination of the mother's parental rights.

The facts in this case do not need to be repeated in detail. After a report of domestic violence, the mother's two children were adjudicated to be in need of assistance (CINA) and were placed in the legal custody of the Iowa Department of Human Services (DHS). The DHS attempted to provide the mother with reasonable services, but the mother refused or did not follow through with them. When the concerns that led to the CINA adjudication continued to exist more than a year later, the juvenile court terminated the mother's parental rights.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

Before terminating parental rights, the juvenile court must find clear and convincing evidence supporting one of the grounds for termination listed under section 232.116(1) (2018). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The juvenile court found the State met its burden of proving the grounds for termination set forth in section 232.116(1)(d), (e), and (f). We need only find

grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

To terminate parental rights under section 232.116(1)(f), the State must prove:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother challenges the sufficiency of the evidence supporting the fourth element of the paragraph—that her children could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing").

The mother contends in her brief that she has "a home ready for the children, that [she] had made significant strides in her [wellbeing]." However, the children's therapist testified at the termination hearing that returning the children to their mother would result in "serious mental health issues" for the children. Further, the therapist was concerned the mother had not participated in any therapy services on a regular basis, thereby making it difficult to assess whether the mother was ready to see her children again. Based on our review of the record, we conclude the children could not be returned to the custody of the mother at the

time of the termination hearing because the concerns that led to the CINA adjudication persisted at the time of the termination hearing.

Next, the mother contends that even if the elements of termination are met, the court should decline to terminate her parental rights because termination is against the best interests of the children. In making the best-interests determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

For the same reasons discussed above, we agree with the juvenile court that placement with the mother would not serve the best interests of the children. The children were residing in a safe, permanent home, which the mother was unable to provide at the time of the hearing. The mother's brief points to no facts to show otherwise. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children.").

Finally, the mother argues one of the exceptions to the termination statute should be applied to avoid termination of her parental rights. She notes that the court need not terminate parental rights if the children are in the custody of a relative, citing Iowa Code section 232.116(3)(a). Although the children were

placed in the care of a relative, their legal custody was placed with the DHS. *See* Iowa Code § 232.116(3)(a); *see also A.M.*, 843 N.W.2d at 112-13 (noting that although A.M. was in the care of her grandparents, she was not in their legal custody making section 232.116(3)(a) inapplicable). Consequently, section 232.116(3)(a) is inapplicable in the present case*. See id.*

But even if section 232.116(3)(a) did apply, it would not matter because, as stated above, termination is in the children's best interests. For the same reasons, we conclude that terminating the mother's parental rights would be less detrimental to the children than the harm that would be caused by continuing the parent-child relationship. *See* Iowa Code § 232.116(3)(c) (providing an exception to the termination statute if there is "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). We decline to apply any of the exceptions provided in section 232.116(3). Accordingly, we affirm the termination of the mother's parental rights.

**AFFIRMED.**